UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JORDAN HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00247-JPH-MG |
| | ) | |
| SPEARS, | ) | |
| CANFIELD, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening the Complaint and Directing Service of Process**

Jordan Howard, a prisoner as Wabash Valley Correctional Facility, brings this lawsuit against Officer Spears and Officer Canfield for deliberate indifference to a serious medical need. Because Mr. Howard is a "prisoner," the Court must screen his complaint before directing service on the defendants. 28 U.S.C. § 1915A.

**I. Screening Standard**

The Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)-(c). The Court applies the same standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). The complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. The Complaint

The complaint names Officer Spears and Officer Canfield as defendants. Mr. Howard is seeking compensatory and punitive damages. Dkt. 2, p. 8.

The complaint makes the following allegations. On February 12, 2021, Mr. Howard slipped and fell on the concrete floor after leaving the chow line at Wabash Valley Correctional Facility. *Id.* at 2-3. During the fall, he injured the back of his head, his tailbone, his back, and his elbow. *Id.* at 3. Mr. Howard went to the infirmary and was given an ice pack. *Id.* When he returned to his housing unit, he was not able to climb onto his top bunk due to the pain. *Id.* at 4. Mr. Howard asked Officer Spears to let him return to the infirmary, but Officer Spears refused. *Id.*

During count, Officer Spears ordered Mr. Howard to climb onto his top bunk, but Mr. Howard explained that he could not climb onto the top bunk because it was too painful. *Id.* at 4-5. After count was over, Officer Spears asked why Mr. Howard had refused to climb onto his top bunk. *Id.* at 5. Mr. Howard showed Officer Spears his arm, which was discolored because of his fall earlier that day. *Id.* Officer Spears apologized and told Mr. Howard that he did not realize he was injured. *Id.* After seeing Mr. Howard's injury, Officer Spears again refused to let him go to the infirmary. *Id.* Officer Spears told Mr. Howard that if he was not on his top bunk at the next count, he would write him up for a conduct violation. *Id.*

When Mr. Howard tried to climb onto his top bunk to avoid a conduct violation, he fell and landed on his face. *Id.* at 6. When Officer Spears and Officer Canfield saw that Mr. Howard's face was bleeding, they laughed at him. *Id.* They did not let Mr. Howard go to the infirmary because their shift was almost over, and they wanted to go home. *Id.* Instead, Officer Canfield gave Mr. Howard a dirty rag from the mop closet that smelled like mildew and told Mr. Howard that he should use the rag to clean himself up. *Id.*

### III. Discussion

Based on the allegations set forth in the complaint, Mr. Howard's Eighth Amendment claims for deliberate indifference to a serious medical need **shall proceed** against Officer Spears and Officer Canfield in their individual capacities.

This summary includes all viable claims identified by the Court. If Mr. Howard believes the complaint contains additional viable claims, he may file a notice identifying those claims **within 21 days of the issuance of this Order**.

### IV. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants, Officer Spears and Officer Canfield, in the manner specified by Rule 4(d). Process shall consist of the complaint filed on June 21, 2022, dkt [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the defendants electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED**.

Date: 9/23/2022

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JORDAN HOWARD
227097
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Electronic Service to the following IDOC employees at Wabash Valley Correction Facility:
    Officer Spears
    Officer Canfield