UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JORDAN HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00247-JPH-MG |
| | ) | |
| SPEARS, | ) | |
| CANFIELD, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening the Amended Complaint and Directing Service of Process**

Jordan Howard, an inmate at Wabash Valley Correctional Facility, is proceeding on claims of deliberate indifference to a serious medical need against defendants Spears and Canfield. Dkt. 13 (screening order). Mr. Howard has filed an amended complaint that names additional defendants Nurse Rita Etienne, Nurse Overstreet, and Dr. Wright. Because Mr. Howard is a "prisoner," the Court must screen his amended complaint pursuant to 28 U.S.C. § 1915A.

**I. Screening Standard**

The Court must dismiss the amended complaint, or any portion of the amended complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)-(c). The Court applies the same standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). The amended complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. The Amended Complaint

The amended complaint names the following defendants: Officer Spears, Officer Canfield, Nurse Rita Etienne, Nurse Overstreet, and Dr. Wright. Dkt. 26 at 2. Mr. Howard is seeking compensatory and punitive damages. *Id.* at 15-16.

The complaint makes the following allegations. On February 21, 2021, Mr. Howard slipped and fell while walking back to his housing unit after lunch, injuring his head, tailbone, back, and elbow. *Id.* at 3. He was taken to the medical unit, where Nurse Etienne gave him an ice pack. *Id.* Mr. Howard asked for additional medical treatment, but Nurse Etienne refused to provide additional treatment and mocked him for asking for help. *Id.* She then sent Mr. Howard back to his housing unit. *Id.*

In the housing unit, Mr. Howard aggravated his injuries while trying to get into his top bunk. *Id.* at 4. He told Officer Spears about this injury and asked to be able to return to the medical unit. Officer Spears denied this request and mocked Mr. Howard for asking for help. *Id.*

During count, Officer Spears ordered Mr. Howard to climb onto his top bunk, but Mr. Howard explained that he could not climb onto the top bunk because it was too painful. *Id.* at 4-5. After count was over, Officer Spears asked Mr. Howard why he had refused to climb onto his top bunk. *Id.* at 5. Mr. Howard showed Officer Spears his arm, which was swollen and discolored because of his fall earlier that day. *Id.* Officer Spears apologized and told Mr. Howard that he did not realize he was injured. *Id.* After seeing Mr. Howard's injury, Officer Spears again refused to let him go to the medical unit and claimed that Nurse Etienne had instructed him not to let Mr. Howard return. *Id.* Officer Spears told Mr. Howard that if he was not on his top bunk at the next count, he would write him up for a conduct violation. *Id.*

Mr. Howard tried to climb onto his top bunk to avoid a conduct violation, but he fell and landed on his face. *Id.* at 6. When Officer Spears and Officer Canfield saw that Mr. Howard's face was bleeding, they laughed at him. *Id.* at 7. They did not let Mr. Howard go to the infirmary because their shift was almost over, and they wanted to go home. *Id.* Instead, Officer Canfield gave Mr. Howard a dirty rag from the mop closet that smelled like mildew and told Mr. Howard that he should use the rag to clean himself up. *Id.*

Officer Spears allegedly made insensitive and racist remarks toward Mr. Howard throughout these interactions. When Mr. Howard first asked to be sent to the medical unit, Officer Spears allegedly said, "Get the f*** out of my face. That's why I don't like Black people." *Id.* at 4. Later, when Mr. Howard told Officer Spears that he could not climb onto the top bunk, Officer Spears allegedly responded, "Well, I thought that Black guys can jump." *Id.* at 6.

Later that evening, Mr. Howard returned to the medical unit, where he was met by Nurse Overstreet. *Id.* Nurse Overstreet refused to treat Mr. Howard until she could review video footage of his fall, and she offered to provide treatment in the meantime if he would admit that he injured himself to receive a bottom bunk pass. *Id.* at 7-8. After Nurse Overstreet reviewed the surveillance video, she treated Mr. Howard's face wound but refused to treat his other injuries and sent him back to his housing unit. *Id.* at 9.

Mr. Howard later submitted Request for Health Care forms. *Id.* He returned to the medical unit, where Nurse Overstreet refused to let him see the physician in retaliation for a grievance Mr. Howard had filed complaining of her conduct. *Id.* at 10.

Mr. Howard later saw Dr. Wright in person outside the medical unit. *Id.* Dr. Wright told Mr. Howard that he had reviewed his Health Care Request forms and promised to provide him with emergency treatment. *Id.* at 10-11. But Dr. Wright ultimately did not provide Mr. Howard

3

with emergency treatment and instead conspired with Nurse Overstreet and Nurse Etienne "to cover up the fact" that Mr. Howard had not received adequate medical treatment for his injuries. *Id.* at 11.

### III. Discussion

Applying the screening standard to the facts alleged in the complaint, the following claims **shall proceed**:

- Eighth Amendment claims against all defendants in their individual capacities for deliberate indifference to a serious medical need.

- A Fourteenth Amendment equal protection claim against Officer Sparks in his individual capacity on the theory that Officer Sparks denied Mr. Howard's request to go to the medical unit and forced him to climb onto the top bunk, despite his obvious injuries, due to Mr. Howard's race.

- A First Amendment retaliation claim against Nurse Overstreet in her individual capacity on the theory that she refused to let Mr. Howard see Dr. Wright in retaliation for filing a grievance.

This summary includes all viable claims identified by the Court. All other claims are **dismissed**. If Mr. Howard believes the amended complaint contains additional viable claims, he may file a notice identifying those claims within **21 days of the issuance of this Order**.

### IV. Service of Process and Further Proceedings

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants, Nurse Rita Etienne, Nurse Overstreet, and Dr. Wright in the manner specified by Rule 4(d). Process shall consist of the amended complaint, dkt. [26], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

4

Defendants Etienne, Overstreet, and Wright are identified as former Wexford employees. A copy of this Order and the process documents shall also be served on Wexford electronically. Wexford is ORDERED to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information may be provided to the Court informally or may be filed ex parte.

The **clerk is directed** to add Nurse Rita Etienne, Nurse Overstreet, and Dr. Wright as defendants on the docket.

Defendants Sparks and Canfield **shall answer or otherwise respond to the amended complaint within 14 days of the issuance of this Order**.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED**.

Date: 3/8/2023

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JORDAN HOWARD
227097
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com

Electronic Service to Wexford of Indiana, LLC

Nurse Rita Etienne
Medical Staff

Branchville Correctional Facility
21390 Old State Road 37
Branchville, IN 47514

Nurse Overstreet
Medical Staff
Branchville Correctional Facility
21390 Old State Road 37
Branchville, IN 47514

Dr. Wright
Medical Staff
Branchville Correctional Facility
21390 Old State Road 37
Branchville, IN 47514